J-A26029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS MACKIE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIANE MACKIE | : | No. 442 WDA 2019 |

Appeal from the Order Entered February 20, 2019
In the Court of Common Pleas of Washington County Civil Division at
No(s):  No. 2013-6350

BEFORE:  SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 26, 2019**

Thomas Mackie ("Husband") appeals from the order, entered in the Court of Common Pleas of Washington County, holding him in contempt of court for failure to comply with the court's equitable distribution orders and enjoining him from disposing of any portion of his American Airlines 401(k) plan for pilots.  Upon careful review, we affirm.

The trial court set forth the facts of this matter as follows:

> This divorce has such a long, agonizing, and tortured history . . . with which the Superior Court is familiar. . . .  Importantly, the Superior Court [affirmed] the trial court's . . . equitable distribution order.  [Husband] filed a petition for allowance of appeal with the Pennsylvania Supreme Court, but that Court denied the request.  Thereafter, [Wife] sought enforcement of the trial court's equitable distribution order.
>
> On May 16, 2018, [Wife] filed a rule to show cause why [Husband] should not be held in contempt [of] the court[']s April 26, 2017 order of equitable distribution.  Among other things, [Wife] claimed that [Husband] had failed to distribute the $157,700 the trial court awarded her from [Husband's] Northrup Grumman

Savings Plan. The trial court scheduled a hearing for June 28, 2018.

[Wife] and [Husband's] counsel appeared at the hearing; [Husband] did not appear.[1] The trial court proceeded and concluded that [Husband] was not in contempt of the equitable distribution order because the April 26, 2017 order required [Wife] to draft the [Qualified Domestic Relations Order ("QDRO")] for the Northrup Grumman Savings Plan. Thereafter, [Wife] drafted a QDRO and presented it to the trial court for approval. On August 21, 2018, the trial court approved the QDRO.

[1] [Husband], who lives in the state of California, has failed to appear at other equitable distribution enforcement hearings. As a result, the trial court issued bench warrants against [him] on May 11, 2018 and July 9, 2018. The warrants remain outstanding. Further, the trial court found [Husband] in contempt for failing to comply with equitable distribution orders regarding his military pension . . . as well as his failure to pay [Wife's] counsel fees from the equitable distribution order and her $15,035.18 share of the [parties'] G-Force Leadership, L.L.C. asset.

On October 26, 2018, [Wife] then filed a second rule to show cause why [Husband] should not be held in contempt [of] the court[']s April 26, 2017 order of equitable distribution. The trial court scheduled a hearing for November 27, 2018. At that hearing, [Wife] produced a letter from Fidelity Investments, the plan administrator for [Husband's] Northrup Grumman Savings Plan, dated September 21, 2018[.] Critically, the plan administrator stated, "[a]ccording to our records, the Participant was eligible to be in the Plan, but our records indicate that there are no assets in the account to segregate. Therefore, as there are no assets in the account to assign to the Alternate Payee, there will be no review of this order, and our file on this matter is considered closed." As a consequence, the trial court issued an order on December 6, 2018 finding [Husband] in contempt for depleting the mar[ital] asset because a QDRO could not issue against the account. Further, the trial court directed the Washington County Prothonotary to enter judgment against [Husband] and in favor of [Wife] in the amount of $157,700, plus legal interest as of December 6, 2018. Finally, the trial court imposed a $2,000.00 fine against [Husband] which was to be paid within 30 days.

On January 23, 2019, [Wife] filed [a] rule to show cause why [Husband] shall not be held in contempt for failure to comply with the December 22, 2014 order of court. According to [that] order, both parties were ordered not to dissipate any "marital funds and assets," including the Northrup Grumman Savings Plan, pending equitable distribution. The trial [court] scheduled a hearing for February 15, 2019.[1] [Wife] and [Husband's] counsel appeared for the hearing; [Husband] did not appear.

The trial court found two reasons why [Husband] was in contempt for noncompliance with the December 6, 2018 order: failing to pay the $2,000.00 fine, and dissipating/sequestering the Northrup Grumman Savings Plan in violation of the December 22, 2014 order. As a result, the trial court issued an order on February 19, 2019 . . . enjoining [Husband] from disposing [of] any portion of the moneys that had been his American Airlines 401(k) Plan for Pilots . . . until further order of court. The trial court also ordered [Husband] to draft a QDRO for the Alternate Payee in the amount of $157,700, plus the legal rate of interest from December 6, 2018. The trial court directed that this be completed within 30 days. If [Husband] did not comply within 30 days, a $500 per month fine would be imposed until a QDRO was submitted for court approval. [Husband], *pro se*, filed a notice of appeal on March 22, 2019 regarding the trial court's February 19, 2019 order.

Trial Court Opinion, 4/1/19, at 2-3 (citations, unnecessary capitalization and footnote omitted).

_____

[1] We note that Husband failed to order the transcription of the notes of testimony from the February 15, 2019 hearing and, as such, they are not included in the certified record on appeal. It is an appellant's responsibility to supply this Court with a complete record for purposes of review. Pa.R.A.P. 1911(a). This Court could dismiss this appeal or find waiver of Husband's claim based upon his failure to include the necessary transcript in the certified record. *See* Pa.R.A.P. 1911(d); ***Cade v. McDanel***, 679 A.2d 1266, 1268–69 (Pa. Super. 1996) ("[A] failure by ... appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue[s] sought to be examined."). However, because we are able to resolve Husband's claim without reference to the notes of testimony, we decline to dismiss the appeal.

On appeal, Husband asserts that the trial court erred in finding him in contempt of court. Specifically, Husband argues that, by order dated December 6, 2018, the trial court had already held him in contempt for the depletion of the Northrop Grumman account, entered judgment in favor of Wife, and imposed a fine for his intentional non-compliance. Husband asserts that the court improperly based its finding of contempt on the December 22, 2014 order, in which the court had precluded either party from dissipating assets pending equitable distribution. Husband claims that, because equitable distribution had long since occurred, and because he never dissipated any assets while equitable distribution was pending, a finding of contempt based on that order was improper as that order "has no application to events occurring in 2018 and 2019, post-equitable distribution." Brief of Appellant, at 17. Husband further argues that the court's second basis for the instant finding of contempt—Husband's failure to pay the $2,000 fine assessed in the contempt order of December 6, 2018—was insufficient to support the "excessive" sanction imposed in the order now under review. For the following reasons, Husband is entitled to no relief.

> "In considering an appeal from a contempt order, great reliance must be placed upon the discretion of the trial judge." **Marian Shop, Inc. v. Baird**, [] 670 A.2d 671, 673 ([Pa. Super.] 1996). Accordingly, "appellate review of a finding of contempt is limited to deciding whether the trial court abused its discretion." **Lachat v. Hinchliffe**, 769 A.2d 481, 487 (Pa. Super. 2001).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies

the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Id.* (citation omitted).

***Bold v. Bold***, 939 A.2d 892, 894–95 (Pa. Super. 2007).

In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate that the defendant is in noncompliance with a court order. ***Lachat*** [769 A.2d at 489] (citations omitted). To sustain a finding of civil contempt, the complainant must prove, by a preponderance of the evidence, that: (1) the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) the act constituting the contemnor's violation was volitional; and (3) the contemnor acted with wrongful intent. ***Id.***

***MacDougall v. MacDougall***, 49 A.3d 890, 892 (Pa. Super. 2012).

We begin by noting our agreement that a purported violation of the December 22, 2014 order, precluding either party from dissipating assets *pending equitable distribution*, cannot form the basis for the court's finding of contempt on February 19, 2019. Equitable distribution was finalized on April 26, 2017. Thus, any subsequent dissipation of assets is not a violation of the December 2014 order. Moreover, in making its finding of contempt, the court does not cite any dissipation of assets that occurred prior to equitable distribution as a basis for its finding.[2]

However, Husband does not dispute that he failed to pay the $2,000 fine imposed in the December 6, 2018 order. Indeed, Husband concedes that

---

[2] Wife averred in her petition for contempt that Husband dissipated the Northrup Grumman account on August 22, 2018, over one year after the equitable distribution order was entered. ***See*** Petition for Contempt, 1/23/19, at ¶ 12.

his "failure to pay that fine might form the basis of a contempt finding on February 19, 2019." Brief of Appellant, at 16. Particularly in light of Husband's ongoing contemptuous conduct throughout the pendency of this matter, we are unable to conclude that the trial court abused its discretion by holding Husband in contempt for his failure to pay the fine imposed in the December 6, 2018 order. Husband was aware of the order, which was definite, clear, and specific, and he admits that he failed to pay the fine ordered. *See MacDougall*, *supra*. Moreover, we do not find excessive a fine of $500 for each month in which Husband remains in violation of the court's order that he draft and submit to the court a QDRO with respect to his American Airlines 401(K). Such a requirement simply enables Wife to finally collect funds she has long been due pursuant to the court's equitable distribution order and requires Husband to do no more than that which he was already obligated to do. Husband need only fulfill his obligations to avoid paying the fine.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019

- 6 -